```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - - -x

In re:                                :

THOMAS H. WARD                        :    BK No. 09-13094
SUZETTE B. WARD                              Chapter 13
          Debtors

- - - - - - - - - - - - - - - - - - -x
```

**DECISION AND ORDER GRANTING MOTION FOR HARDSHIP DISCHARGE**


APPEARANCES:

    Peter G. Berman, Esq.
    Attorney for Debtors
    Raskin & Berman
    116 East Manning Street
    Providence, Rhode Island 02906

    John Boyajian, Esq.
    Chapter 13 Trustee
    Boyajian, Harrington & Richardson
    182 Waterman Street
    Providence, Rhode Island 02906

**BEFORE ARTHUR N. VOTOLATO United States Bankruptcy Judge**

BK No. 09-13094

Heard on the Chapter 13 Trustee's objection to Debtors' Motion for Hardship Discharge.

Below are the relevant facts: On December 10, 2009, the Court confirmed the Debtors' sixty month Chapter 13 plan, which provided that they pay into the plan $750 per month for the first forty-three months, then $1,300 for the remaining seventeen months. At the time of confirmation each of the Debtors was working.[1] Thereafter, Mr. Ward's health deteriorated to the extent that he can no longer work,[2] resulting in a loss of income of approximately $1,000 per month, and additional health care expenses of approximately $1,200 per month. Debtors' Amended Schedules I and J show a monthly net income deficit of $511.70.

Section 1328(b) of the Bankruptcy Code allows the Court to "grant a discharge to the debtor that has not completed payments under the plan only if– ": (i) the failure to complete the plan is for reasons that "the debtor should not justly be held accountable"; (ii) the value of the amounts distributed to unsecured creditors is "not less than" they would have received

---

[1] Mr. Ward was self-employed and Mrs. Ward was, and still is, employed by a bank as a computer consultant.

[2] Debtors' Exhibit C, a report from Mr. Ward's doctor dated March 10, 2011, states that "there will be no return to work in the near future." Mrs. Ward's testimony at the hearing on November 10, 2011 indicated no change in her husband's status since the date of the doctor's letter.

1

BK No. 09-13094

under Chapter 7; and (iii) modification of the plan "is not practicable." The parties agree that the first two elements of the statute are met, but the Debtors "bear the burden of proof, and must satisfy the court on all three elements" specified in § 1328(b). *In re Bandilli*, 231 B.R. 836, 839 (1st Cir. B.A.P. 1999).

The Trustee contends that the Debtors have not met their burden on the third element, i.e., that modification of the plan is "not practicable." The Trustee points out that the Debtors will have an additional $570 per month beginning in April 2013, when Mrs. Ward's 401(k) loan will be fully paid, enabling the Debtors to devote that money to a modified plan. How the Debtors should address their current monthly income deficit of over $500 between now and April 2013 is a relevant question, but is left unexplained.

On these facts, the ruling in this case, although a subjective one, is an easy call. As the parties and the Court recognized, the Ward's have shown ample hardship. The items in the family's budget that the Trustee felt were inconsistent or extravagant, were explained and justified to the Court's satisfaction when Mrs. Ward testified, and the evidence does not show that a modification of this Chapter 13 plan is "practicable."[3] Rather, on this record the Court's opinion is that it is more likely that the Debtors' financial situation will continue to deteriorate. Therefore, for

---

[3] Black's defines "practicable" as "reasonably capable of being accomplished; feasible." Black's Law Dictionary 712 (7th ed. 1999).

2

BK No. 09-13094

the reasons expressed herein, the Motion for a Hardship Discharge is **GRANTED**.

Enter.

_____
Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 12/9/11

3